Arthur G. MAIONCHI; Edward A. Maionchi; Thomas S. Dinette; Charles J. Kraft, Plaintiffs—Appellants,

v.

UNION PACIFIC CORPORATION, a Utah corporation; Safety–Kleen Services, Inc., Defendants—Appellees.

No. 04–15579.

D.C. No. CV–03–00647–JF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Decided Nov. 23, 2005.

---

**28**

Stuart I. Block, Esq., Cox Castle & Nicholson LLP, David D. Cooke, Allen Matkins Leck Gamble & Mallory, LLP, San Francisco, CA, for Plaintiffs–Appellants.

Marc A. Zeppetello, Esq., Barg Coffin Lewis & Trapp, LLP, San Francisco, CA, for Defendants–Appellees.

Before GOODWIN, O'SCANNLAIN, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Appellants, former partners and sole shareholders of Solvent Service Company, Inc. (the former partners), challenge the district court's award of summary judgment in favor of Union Pacific. The district court found that the Merger Agreement under which the former partners' company was sold to Union Pacific did not allocate responsibility for environmental liabilities arising out of property formerly occupied by the business. We reverse and remand.

The district court improperly looked beyond the plain language of the Merger Agreement to determine that the parties did not intend to cover liabilities arising out of the Industrial Avenue property. "Under California law, the mutual intention of the parties at the time the contract is formed governs interpretation of the contract." *Milenbach v. C.I.R.*, 318 F.3d 924, 936 (9th Cir.2003) (citing Cal. Civ. Code § 1636; *AIU Ins. Co. v. Superior Court*, 51 Cal.3d 807, 274 Cal.Rptr. 820, 799 P.2d 1253, 1264 (1990)). "Such intent is to be inferred, if possible, solely from the written provisions of the contract." *Id.* (citing Cal. Civ.Code § 1639; *AIU Ins. Co.*, 274 Cal.Rptr. 820, 799 P.2d at 1264). The Parol Evidence Rule bars courts from using extrinsic evidence to rewrite the terms of the contract where the language used is not reasonably susceptible to such an interpretation. *Casa Herrera, Inc. v. Beydoun*, 32 Cal.4th 336, 9 Cal.Rptr.3d 97, 83 P.3d 497, 502–503 (2004).

The Merger Agreement's indemnity provisions contain terms which specify the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

party responsible for Shareholder Environmental Liabilities (SELs) at any given time. Because the express terms are comprehensive with regard to allocating liability for SELs, the extent of Union Pacific's duty to indemnify the former partners should be determined solely by the unambiguous provisions of the Merger Agreement. *See Wilshire–Doheny Assocs., Ltd. v. Shapiro,* 83 Cal.App.4th 1380, 1396, 100 Cal.Rptr.2d 478 (2000) (holding that the extent of the duty to indemnify is determined using the language of the contract).

Furthermore, the parties' risk allocation system in Section 3.17 of the Merger Agreement applies to both the partnership's and the corporation's environmental liabilities for property currently or formerly occupied by the business. Use of the phrase "including any predecessor or successor of the Company, whatever its legal form" can only refer to the former partnership. Thus, Union Pacific promised to indemnify the former partners against all SELs, unless the former partners committed knowing and intentional or willful misrepresentation or breach. Union Pacific does not make that assertion, so the Merger Agreement provides the exclusive means of allocating residual and long-term environmental risk between the parties.

Finally, based on the clear language of the Merger Agreement, the indemnity provision as it binds Union Pacific has not expired and must continue indefinitely. Accordingly, Union Pacific is not discharged from its obligation to indemnify the former partners against the liabilities arising out of the contamination at the Industrial Avenue site.

The language of the Merger Agreement was not susceptible to multiple meanings and the district court improperly admitted extrinsic evidence to alter its terms. Thus, the district court's grant of summary judgment for Union Pacific was improper and we reverse. Damages and the terms of the declaratory relief should be determined on remand.

REVERSED and REMANDED.

